UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.    Case No.  8:97-cr-60-T-23TBM
           8:08-cv-2122-T-23TBM
JOHN TARVIS TIMS
 _____/

**O R D E R**

Tims moves to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and challenges the validity of his conviction for possessing cocaine with the intent to distribute, for which offense he was sentenced to 188 months.  Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate.  Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief.");  Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").

---

[1]   Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

Tims had one year to file his motion to vacate.  "A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ."  28 U.S.C. § 2255. Tims's guilty plea was accepted and his judgment was entered in 1999.  Tims filed no appeal.  Consequently, Tims's limitation period expired one year later in 2000.  Tims's motion to vacate (Doc. 1), filed nearly nine years after his judgment, is time-barred.

Liberally construing the motion to vacate, Tims contends that the motion to vacate is timely based on newly discovered evidence.  Tims represents that he recently discovered his attorney's 2004 disbarment and argues that the reason for counsel's disbarment is similar to his complaints expressed before sentencing.[2]  The disbarment is unrelated to Tims's conviction and, as a consequence, supports no challenge to the conviction.  The new evidence is not "newly discovered evidence" within the meaning of Section 2255(f)(4) entitling Tims to a new one-year statute of limitation.

Lastly, Tims alleges that extraordinary circumstances warrant tolling the statue of limitation.  Tims claims that, contrary to his specific request after sentencing, counsel failed to appeal.[3]  Tims represents that he was not surprised by the absence of any

---

[2] Tims, who was initially represented by the federal public defender, pleaded guilty two months after retaining private counsel, Arthur Springer.  Exhibits attached to the motion to vacate show that Tims complained about the actions of both the public defender and Springer, but particularly Springer's allegedly deceitful representations to Tims.  In the order of disbarment, which is attached to the motion to vacate, the Florida supreme court found that, "due to an absence of honesty, integrity, and ethical judgment," Springer was incapable of maintaining reasonable standards of professional and ethical responsibility.

[3] As part of the plea agreement Tims waived most of his right to appeal. Tims negotiated a plea agreement (Doc. 21 in 8:97-cr-60-T-23TBM), which specifically states that Tims "expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines. . . ."  Plea Agreement ¶5 at 13 (Doc 21).  Tims received a guidelines minimum sentence of 188 months imprisonment, which was neither an upward departure nor

communication from his counsel because allegedly counsel had advised Tims that appeals take several years to resolve.  However, allowing nine years to elapse is unreasonable.[4]  Tims's lack of due diligence is more egregious than the three-and-a-half years of no communication from counsel rejected as a basis for tolling in <u>United States v. Scott</u>, No. 08-10605, 2008 WL 4406344 at *5 (11th Cir. Sept. 30, 2008) ("Scott did not make reasonable efforts to ascertain in a timely manner the status of his direct criminal appeal or his federal habeas filing deadline and is not entitled to equitable tolling of the limitations period.").

Accordingly, the motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED** as time-barred. The clerk shall enter a judgment against Tims and close this action.

ORDERED in Tampa, Florida, on October 31, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

above the statutorily authorized maximum sentence of forty years.  Tims's waiver of his right to challenge the guidelines sentence controls.

[4] Tims, who is serving a career offender sentence, is no novice to the court system.

- 3 -